## CHRISMAN v. PARKS.

No. 19490. Opinion Filed Sept. 10, 1929.

Rehearing Denied Oct. 29, 1929.

C. A. Summers, for plaintiff in error.

Benjamin B. Wheeler, for defendant in error.

JEFFREY, C. This action was begun by Luceil Chrisman, a minor, by Pearl Lindsey, her guardian, as plaintiff, against John S. Parks, defendant, to recover the sum of $375, alleged to be the purchase price of an interest in certain real estate in Wagoner county, which was sold at a private guardian's sale. Plaintiff, who was a minor, owned an undivided one-fourth interest in the land. Pearl Lindsey and her two sisters each owned a like interest in said land. The land was inherited from I. M. Chrisman, deceased, who was the father of Pearl Lindsey and the adopted father of plaintiff. The petition alleges that Pearl Lindsey, as guardian of plaintiff, conducted a sale of plaintiff's interest in said land through the probate court of Wagoner county; that defendant filed his bid in writing for the sum of $375 and deposited with said guardian the sum of $37.50, which is 10 per cent. of the sale price; that said sale was upon return duly confirmed by the probate court and a deed ordered issued to said defendant who became the purchaser thereof. Plaintiff further alleged that said guardian executed the deed pursuant to the order of confirmation, tendered the same to defendant, and demanded the remainder of the purchase price, but that defendant refused to pay the purchase price and accept said deed. Plaintiff then asked for judgment for the amount of the purchase price and asked that the amount of unpaid purchase price be declared a lien against the land, and that said interest be ordered sold under foreclosure to satisfy her claim. Defendant answered by a general denial, and further pleaded that said guardian's sale was invalid in that the same was made and conducted pursuant to an illegal and collusive agreement entered into between Pearl Lindsey and defendant. The agreement pleaded was in writing and attached to defendant's answer as an exhibit. This written contract was entered into between Pearl Lindsey and defendant on the 20th day of September, 1926, wherein it was stipulated that Pearl Lindsey would, on her own part and as agent for the other adult owners of the land, convey by good and sufficient warranty deed a merchantable title to said interests, and further agreed to immediately institute proceedings in the county court of Wagoner county to have a guardian appointed for plaintiff, and to have a sale of plaintiff's interest put through the probate court. It was further stipulated in the contract that the entire purchase price should be $2,400 less $900, the amount of an outstanding mortgage against the land. The contract further provided that Pearl Lindsey would do all within her power to have the county court of Wagoner county sell the interest of plaintiff for an equal proportionate part to that of the other heirs, towit, the net sum of $375. The contract further provided that defendant should pay the sum of $500 upon the execution of the contract as earnest money, which sum, together with the contract, was to be placed in escrow in a local bank to be delivered to Pearl Lindsey upon a tender of warranty deeds to said land conveying good and merchantable title to defendant. Defendant further pleaded that he entered into said contract in good faith believing that the same was a legal and binding obligation, but was since informed that the same was invalid and that he could not procure a valid merchantable title to said land by carrying out said agreement. He further pleaded that since he ascertained that the contract, in so far as it affects the interest of plaintiff, was illegal, he informed the said Pearl Lindsey of his intention to renunciate the agreement. The cause was tried to the court without a jury, and judgment was rendered in favor of defendant, from which judgment and order overruling motion for new trial plaintiff has appealed.

Several questions are raised by the appeal, but we think the determination of the appeal should be controlled by the single question, Does the interest of the guardian in the sale, as reflected by the contract and the evidence, justify the judgment of the trial court in holding that a constructive fraud was perpetrated upon the estate of the minor, which rendered the sale of the minor's interest invalid and unenforceable against defendant.

The trial court made certain findings of fact and conclusions of law. It was found that the minor's interest in the land sold for all it was worth, and that there was no actual fraud consummated or intended to be consummated by the guardian, but further found, as a matter of law, that the contract constituted a constructive fraud and rendered the sale of the minor's interest invalid.

By the contract, which was admitted in

evidence, the guardian agreed with defendant to sell the interests of herself, her adult sisters, and that of plaintiff in the land; and that the purchase price for the entire tract should be $2,400 less a $900 loan which defendant agreed to assume. She further agreed that she would do all within her power to have the county court of Wagoner county sell the interest of plaintiff for an equal proportionate part of the entire purchase price to that of the other heirs. Defendant testified that he had no intention or agreement to purchase the interests of any of the heirs without securing the interest of all. This was not denied by the guardian. She stated that it was her intention to carry out every provision of the contract, and defendant stated that the sale was conducted pursuant to and in keeping with the written agreement which had been made.

It is elementary that a guardian occupies the position of trustee to the estate of his ward, and is bound to act in the utmost good faith in relation thereto. A guardian will not be permitted to profit directly or indirectly from the sale of his ward's estate. And a sale conducted, in which the guardian has a direct or indirect interest antagonistic in effect to the interest of his ward, is conducive to fraud, against the interest of the ward and public policy, and should never be completed when the facts are discovered. It will readily be seen that since the guardian had contracted to sell her interest in the land, and further contracted that the purchase price for all interests, including that of the minor, should not exceed the net sum of $1,500, it would have been to her financial interest to sell the minor's interest through probate proceedings at the smallest possible figure. The smaller the amount obtained for the minor's interest, the greater would have been the balance of the purchase price left to be divided between and among the adult heirs.

In addition to the foregoing objectionable condition, the guardian contracted to do all within her power to have the minor's interest sold for an equal proportionate part of the agreed purchase price to that of the adult heirs. Defendant filed what is termed a written bid with the guardian submitting a deposit of $37.50 as 10 per cent. of his bid on the minor's interest and stated in his bid that said sum was to be "refunded if deal does not go through." This represented a bid on the minor's interest for a sum equal to one-fourth of $1,500, as provided by the contract. Plaintiff offered much testimony

tending to prove, and the trial court found, that the bid of $375 was all that the minor's interest in the land was worth; and that the guardian was not guilty of doing anything to suppress competitive bidding. It should be noted, however, that she testified that after she entered into the written contract she told no one about the contemplated sale of the minor's interest, showed no one the land, and did nothing to obtain any bids for the minor's interest other than to give the legal publication notice. Granting that the proof does not show that the guardian actually did anything to suppress competitive bidding at the sale, and that the minor's interest sold for its reasonable value, we are still of the opinion that guardians' sales conducted under such circumstances should not be sanctioned. The statutes contemplate that when a minor's lands are sold by probate proceedings, they should be made to bring the highest price available. If one bid was made for the full value of a minor's land and others were made for a much greater amount, the probate court would be compelled to accept the highest bid although much in excess of the true value of the land, and reject those which had bid the actual value thereof. It has been held that contracts and agreements of this nature are illegal in their nature and tendency, and for that reason it is not necessary to inquire as to the particular effect of any one of such contracts. They, being illegal in their nature and tendency, are condemned by public policy. Citizens National Bank of Chickasha v. Mitchell et al., 24 Okla. 488, 103 Pac. 722; McMullen v. Hoffman, 174 U. S. 655, 43 L. Ed. 1117. A probate sale, which is the final culmination of such a secret agreement, and conducted by a guardian with the view of carrying out the terms of the agreement, is no more favored in law than the agreement.

It appears that the sale was conducted with a view of complying with all of the terms of the contract between the guardian and defendant, and we have no doubt but had the sale been completed, plaintiff could have, upon attaining her majority, successfully maintained an action to set aside the guardian's sale. This being true, the guardian should not be permitted to compel defendant to complete the sale and await the time when plaintiff could maintain her own action to wrest her land from defendant.

Counsel for plaintiff contends that only the minor should be heard to assert the invalidity of the sale. But before the sale is completed, certainly the defendant should

be entitled to urge it as a defense in this character of action. It appears that as soon as defendant was advised that his contract was of such fraudulent and collusive nature as to affect the validity of the guardian's sale, he immediately informed the guardian that he renounced the transaction, and requested that she conduct another sale of the minor's interest, which she refused to do unless defendant would agree to be bound by certain terms contained in the original agreement. It would seem that defendant's conduct in renouncing the collusive agreement should be praised instead of censured. Counsel for plaintiff also devotes considerable space in his brief in an attempt to apply the rule of caveat emptor, but we are of the opinion that the rule finds no application to a state of facts like here presented. Neither can we agree that it was error to admit the written contract in evidence.

We are therefore of the opinion that the evidence is amply sufficient to support the finding and judgment of the trial court. The judgment of the trial court is affirmed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 12 R. C. L. p. 1141. See "Contracts," 13 C. J. §348, p. 416, n. 52. "Guardian and Ward," 28 C. J. §219, p. 1133, n. 61.